FILED
1/22/20 2:45 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 19-21157-GLT |
| Deidra J. Patitucci, | Related to Dkt. No. 29 |
| *Debtor* | Hearing: March 11, 2020 at 11:00 a.m. |

### ORDER CONVERTING CASE UNDER CHAPTER 13 TO CASE UNDER CHAPTER 7, SETTING DEADLINES, SCHEDULING STATUS CONFERENCE, AND TERMINATING WAGE ATTACHMENT

The Debtor filed a motion to convert her chapter 13 case in accordance with 11 U.S.C. §1307(a) to a case under chapter 7 of title 11 of the U.S. Code.

Based upon the foregoing, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that:

1. On or before February 19, 2020, any party-in-interest who challenges the good faith of the conversion shall file a motion setting forth the basis of the challenge and specifically identifying the relief requested.

2. The wage attachment issued in this case are immediately terminated. The Debtor shall serve a copy of this order on the employer.

3. On or before February 5, 2020, the Debtor shall file a schedule of all unpaid debts incurred after the commencement of the chapter 13 case and before conversion as required by Fed. R. Bankr. P. 1019(5)(B)(i).

4. On or before February 5, 2020, the Debtor shall file the statements and schedules required by Fed. R. Bankr. P. 1019(1)(A) and 1007(b), if such documents have not already been filed.

5. On or before February 21, 2020, the Debtor shall file a statement of intention with respect to the retention or surrender of estate property securing a debt, as required by 11 U.S.C. §521(a)(2) and Fed. R. Bankr. P. 1019(1)(B) and conforming to Official Form 8.

6. The chapter 13 trustee shall immediately turn over to the chapter 7 trustee all records and property of the estate remaining in her custody and control, as required by Fed. R. Bankr. P. 1019(4), except that any remaining funds that do not constitute property of the chapter 7 estate shall be returned to the Debtor.

7. On or before March 23, 2020, the chapter 13 trustee shall file an accounting of all receipts and distributions made using UST Form 13-FR-S: Chapter 13 Trustee's Final

      Report and Account. Once the she has done so, the chapter 13 trustee is discharged from her duties in this case. The Court retains jurisdiction over the final report and account.

8. If the case is converted after the confirmation of a plan, then on or before February 22, 2020, the Debtor shall file:

   a. A schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order, as required by FED. R. BANKR. P. 1019(5)(C)(i);

   b. A schedule of unpaid debts not listed in the chapter 13 trustee's final report and account, as required by FED. R. BANKR. P. 1019(5)(C)(ii); and

   c. A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order, as required by FED. R. BANKR. P. 1019(5)(C)(iii).

   The schedule of claimants under subsection (b) of this paragraph shall be filed by entering additional claimants into the CM/ECF system via "Creditor Maintenance." A list of said claimants shall be attached to the FED. R. BANKR. P. 1019 Report.

9. If the Debtor fails to timely file the documents required by this *Order* and FED. R. BANKR. P. 1019, a status conference shall be held on March 11, 2020 at 11:00 a.m., in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pa. 15219 to determine whether additional measures are necessary to compel compliance.

10. The Clerk of Court shall send the notice required by FED. R. BANKR. P. 1019(6). If the report and schedules per paragraphs 3, 8(b), and 8(c) of this *Order* are filed in time for the Clerk to include postpetition creditors in the § 341 notice mailing, the Clerk shall include them in that mailing. Otherwise, the Clerk shall send the notice required by FED. R. BANKR. P. 1019(6) **within ten days of the filing of the report and schedules**.

11. On or before March 9, 2020, all chapter 13 fee petitions by any professional shall be filed. Any fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case," and its hearing shall be self-scheduled on Judge Taddonio's chapter 13 motions calendar.

12. On or before January 27, 2020, counsel for the Debtor shall serve a copy of this *Order* on all creditors in the case and file a Certificate of Service.

Dated: January 22, 2020

                                GREGORY L. TADDONIO
                                UNITED STATES BANKRUPTCY JUDGE

<u>Case administrator to mail to:</u>
Deidra J. Patitucci
Abagale Steidl
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee

2

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Deidra J. Patitucci  
    Debtor

Case No. 19-21157-GLT  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-2    User: mgut    Page 1 of 1    Date Rcvd: Jan 22, 2020  
                   Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 24, 2020.
db         +Deidra J. Patitucci,    1003 Lewis St.,    Brownsville, PA 15417-2237
            +Ronda J. Winnecour, Esq.,    Ste. 3250 U.S. Steel Tower,    600 Grant St.,
              Pittsburgh, PA 15219-2702

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 24, 2020                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 22, 2020 at the address(es) listed below:
        Abagale E. Steidl    on behalf of Debtor Deidra J. Patitucci asteidl@steidl-steinberg.com,
     julie.steidl@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;abby.steidl@me.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-steinberg.com
        James  Warmbrodt    on behalf of Creditor    PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
        Jerome B. Blank    on behalf of Creditor    DITECH FINANCIAL LLC pawb@fedphe.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Robert H. Slone, Trustee    robertslone223@gmail.com,    rslone@pulsenet.com;pa07@ecfcbis.com
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
        Thomas  Song    on behalf of Creditor    DITECH FINANCIAL LLC pawb@fedphe.com
                                                                                                                           TOTAL: 7